IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KEVIN VANOVER,  Petitioner, | § § § |
| V. | § § Civil Action No. 4:19-CV-177-O |
| ERIC WILSON, Warden, FMC-Fort Worth,  Respondent. | § § § § |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Kevin Vanover, a federal prisoner who was confined at the FMC- Fort Worth, against Eric Wilson, warden of FMC-Fort Worth, Respondent.[1] After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as moot, in part, and denied, in part.

## **I. BACKGROUND**

Petitioner is serving a total term of 70 months' imprisonment for his convictions in the Western district of North Carolina for possession with intent to manufacture marijuana, aiding and abetting; possession of a firearm by a convicted felon; and possession of an unregistered firearm. Resp't's App. 2, ECF No. 9. In this petition, filed in February 2019, Petitioner complains that, as required by the Bureau of Prisons's (BOP) policies and regulations, he was never given the written report of the disciplinary hearing officer (DHO) with respect to a 2016 disciplinary proceeding conducted at FCI-Edgefield in South Carolina and the resultant sanctions, including the loss of 27 days of accrued good conduct time, and the report is not in his inmate central file. Pet. 3-5, doc. 1.

---

[1]According to the Bureau of Prisons's website, Petitioner is now confined at FCI-Manchester in Manchester, Kentucky.

He seeks the following relief:

- → removal of all references to the disciplinary incident from his prison record in SENTRY;
- → reinstatement of his 27 days of lost good conduct time;
- → his "security and classification score" re-scored without the incident report; and
- → any other relief that the Court deems necessary.

*Id.* at 7.

## II. DISCUSSION

Petitioner was charged in Incident Report No. 3035806 with assaulting another inmate without serious injury, a code 224 violation. Resp't's App. 1, ECF No. 9. Following a disciplinary hearing in September 2017, the DHO found Petitioner had committed the prohibited act. *Id.* His sanctions included disallowance of 27 days of good conduct time. *Id.* Respondent has provided the declaration of DHO Willie Davis confirming that on April 10, 2019, he reexamined the incident, found that there was insufficient evidence to support the previous finding, restored Petitioner's good conduct time, and expunged the incident report from Petitioner's prison record. *Id.* Respondent asserts that the petition has, thus, been rendered moot as to Petitioner's request for removal of the disciplinary incident from his prison record in SENTRY and reinstatement of his 27 days of lost good conduct time. Resp't's Resp. 1-3, ECF No. 8. The Court agrees. Because there is no longer any relief for the Court to award in these respects, the petition is rendered moot and will be dismissed.

As to Petitioner's request for re-scoring of his "security and classification score," Respondent asserts that the claim is not cognizable under § 2241 or should be dismissed because Petitioner has not exhausted his administrative remedies with the Bureau of Prisons (BOP). *Id.* at 3-5. In his declaration, Willie Davis confirms that Petitioner has not filed any administrative remedies related to his custody classification or security level. Resp't's App. 3, ECF No. 9. *See Fuller v. Rich,* 11 F.3d

61, 62 (5th Cir. 1994) (holding that a § 2241 petitioner must exhaust his administrative remedies); *United States v. Cleto,* 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). Petitioner has since been transferred to FCI-Manchester, a medium security institution with an adjacent minimum security camp. To the extent his security and classification level has not already been updated, the claim is unexhausted and Petitioner has not establish his failure to exhaust his administrative remedies should be excused. Nevertheless, no constitutional issue is raised. Decisions regarding classification and designation of inmates to a particular prison facility are vested within the BOP. *See* 18 U.S.C. § 3621(b). A federal prisoner has no protected liberty interest in his classification level or his assigned facility. *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999). Thus, in this respect, the petition will be denied.

### III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as moot, in part, and DENIED, in part. A certificate of appealability is also DENIED. Because it does not appear that Petitioner has notified the clerk of Court of his new address, the clerk is directed to send a copy of this Opinion and Order and the Final Judgment to Petitioner at his address of record and to P.O. Box 4000, Manchester, KY 40962.

**SO ORDERED** on this 12th day of November, 2019.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE